IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARSHALL E. MIKELS,

    Plaintiff,

  v.

VANCE RIDDLE, et al.,

    Defendants.

No. C 14-2879 MMC

**ORDER DENYING NOTICE OF DEFAULT, CONSTRUED AS MOTION FOR RECONSIDERATION**

    The Court is in receipt of plaintiff's "Notice of Non-Consent to Contract Offer Order by Maxine M. Chesney 07/25/14 & Clerk's Judgment Voided by Law," filed August 4, 2014, which document the Court construes as a motion, pursuant to Rule 60(b) of the Federal Rules of Civil Proceduce, for relief from the Court's July 25, 2014 order and the July 26, 2014 judgment entered thereon. Having read and considered plaintiff's filing, the Court rules as follows.[1]

    By order filed July 25, 2014, the Court dismissed plaintiff's complaint, finding plaintiff failed to state a claim under the Fair Debt Collections Practice Act ("FDCPA"), as the only debt identified in the complaint was an outstanding payment under a loan agreement owed

---

[1] Although plaintiff filed a notice of appeal subsequent to his filing of the instant motion, the Court has jurisdiction to consider the motion. See United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) (holding filing of notice of appeal does not divest district court of jurisdiction to consider motion for reconsideration filed prior to notice of appeal).

to plaintiff, and declining to exercise supplemental jurisdiction over plaintiff's remaining claims, each of which arose under state law. On July 26, 2014, the Clerk entered judgment on the Court's order.

In his motion, plaintiff states he is asserting other federal claims in the above-titled action, specifically, claims (1) that the Superior Court of California deprived plaintiff of his constitutional rights, during the course of a proceeding in probate court,[2] and (2) that the Superior Court of California violated the FDCPA by charging plaintiff a filing fee and a court reporter's fee during the course of those proceedings. No such claims, however, have been pleaded in plaintiff's complaint. Moreover, the Court's consideration of either such claim at this stage of the proceedings would not serve to alter the order or judgment previously entered. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1158-59, 1161 (9th Cir. 2003) (finding, as "barred by the Eleventh Amendment," claim that Superior Court and its employees deprived plaintiff of constitutional rights during course of civil proceeding in state court); 15 U.S.C. § 1692a(6)(D) (providing term "debt collector", for purposes of FDCPA, excludes "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties").

Plaintiff also argues that this Court (1) deprived him of his First Amendment rights by requiring plaintiff to complete, for purposes of determining whether he was entitled to proceed in forma pauperis, an affidavit setting forth his financial circumstances; (2) deprived him of his Seventh Amendment rights by dismissing his claims before a jury had considered them; (3) erred by sending him a copy rather than the original of the dismissal order; and (4) erroneously concluded that California is a state. All such contentions fail for lack of any supporting authority and are meritless.

//

---

[2] In that regard, plaintiff alleges the state court did not afford him a jury trial in probate court and, during the probate court proceedings, deprived him of his property rights without due process and unlawfully impaired his rights under the loan agreement.

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 9, 2014

_____
MAXINE M. CHESNEY
United States District Judge